UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
YESENIA ROMAN                 :    3:15CV00917(SALM)
                              :
v.                            :
                              :
CAROLYN W. COLVIN,            :    December 28, 2015
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :
                              :
------------------------------x
```

**RULING ON PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [Doc. #13]**

Plaintiff Yesenia Roman ("plaintiff") filed an application for disability insurance benefits ("DIB") on November 17, 2011, alleging disability beginning on August 17, 2011. (Certified Transcript of the Record, Compiled on August 7, 2015 (hereinafter "Tr.") 266-71). After a hearing before an ALJ, the ALJ denied plaintiff benefits on May 22, 2013. (Tr. 16-41). After exhausting her administrative remedies, plaintiff filed the Complaint in this case on June 15, 2015. [Doc. #1]. On August 26, 2015, the Commissioner filed her Answer and the official transcript. [Doc. #7]. On August 27, 2015, the Court entered a scheduling order requiring that plaintiff file her motion to reverse and/or remand by October 26, 2015. [Doc. #8]. On October 26, 2015, defendant filed a consent motion for remand. [Doc. #10]. The consent motion recognized that plaintiff

1

should be given a new hearing and the opportunity to introduce new evidence, and called upon the ALJ to, inter alia, "evaluate all medical opinion evidence and explain the weight accorded to each opinion." [Doc. #10 at 1]. The undersigned granted the consent motion on October 27, 2015 [Doc. #11], and judgment was entered on October 29, 2015. [Doc. #12].

On November 20, 2015, plaintiff filed a motion for attorney's fees together with a memorandum in support, affidavits, and time sheets. [Doc. #13]. Defendant filed a brief in opposition to the motion on December 1, 2015 [Doc. #14].

For the reasons set forth herein, plaintiff's Application for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act [**Doc. #13**] is GRANTED, in part, in the amount of **$4,615.57 in fees and $425.08 in costs for a total award of $5,040.65.**

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (footnote & citation omitted). In order for an award of

attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. 28 U.S.C. §2412(d)(1)(B).

In her motion, plaintiff seeks fees in the amount of $5,119.38, consisting of the following:

| WORK PERFORMED BY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Atty. Zimberlin | 10.8 | $196.10 | $2,117.88 |
| Paralegal | 1.3 | $115.00 | $149.50 |
| Law Clerk | 24.8 | $115.00 | $2,852.00 |

Defendant does not contest plaintiff's status as a prevailing party in this matter, or the hourly rates used by counsel. Rather, defendant specifically objects to the number of hours claimed for counsel's "time spent negotiating her initial fee request and preparing and filing her EAJA motion[.]" [Doc. #14 at 3].

It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover from "a reasonable attorney's fee as part of

3

the costs").[1] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted); Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Notably, the case law finding that twenty to forty hours represents an average necessary investment of time pre-dates the adoption in this District of a new practice requiring plaintiff to provide a detailed medical chronology, with citations to the record, in the motion for reversal or remand.

Here, the Court finds that plaintiff has satisfied the

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433 n.7.

requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds, absent objection, that: (1) plaintiff is a prevailing party in light of the Court ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was filed within thirty days of final judgment. 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks reimbursement for a total of 10.80 hours of attorney time plus 26.10 hours of law clerk and paralegal time. [Doc. #13-1 at 5]. Defendant challenges only the amount of time billed in connection with plaintiff's EAJA application.

Although defendant does not challenge the hours billed that are not related to the EAJA application, the Court has nevertheless carefully examined the specific billing entries that are not related to the EAJA application (totaling 33.10 hours) and finds that the majority of the fees sought are reasonable in light of length of the administrative record (1,904 pages), that Attorney Zimberlin represented plaintiff at the administrative level (Tr. 62), and that Attorney Zimberlin

5

enlisted a law clerk to draft a medical chronology, which comprised the bulk of the work on the file. Cf. Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.") (internal quotations & multiple citations omitted), approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010).

Nevertheless, the Court does find that a slight reduction for certain discrete time entries is warranted. First, plaintiff's counsel billed .30 hours to "[d]raft EAJA $2 million statement." [Doc. #13-2 at 2]. This statement appears to be attached to the EAJA fee application at Doc. #13-4, page 10, and consists of a two line declaration. The Court finds that a reduction of .20 hours is warranted in light of the length and apparent routine "form" nature of the statement. Therefore, the Court awards .10 hours of attorney time for this task. Next, plaintiff's counsel's paralegal billed .60 hours to review various Court filings, all of which were docketed on June 16, 2015. [Doc. #13-2 at 2]. The Court finds that a reduction of .40 hours is warranted in light of the routine nature of the ECF

notices reviewed. Therefore, the Court awards .20 hours of paralegal time for this task. In sum, the Court awards 25.30 hours at the law clerk and paralegal rate of $115 [total $2,909.50] and 7.20 hours at the attorney rate of $196.10 [total $1,411.92].

    Moreover, the Court finds that in light of the case law in this District, a reduction in time for counsel's preparation of the motion for EAJA fees is warranted. Here, plaintiff's counsel claims a total of 3.8 hours (including .4 hours of law clerk time) relating to the preparation of the EAJA application, including: .40 hours to "[r]eview EAJA time submissions, redact entries in the exercise of billing judgment"; 1.10 hours (collectively) for emails with defense counsel concerning the EAJA fee claim and to respond to defendant's comments; .80 hours to research "law re: specific EAJA items disputed by OGC; read Bowling v. Principi and others"; and 1.50 hours (collectively) to draft the EAJA application and supporting declarations. [Doc. #13-2 at 1, 3-4].

    Defendant argues that the filing of the petition was not necessary "as [fee] negotiations were ongoing and [defense counsel] was in the process of researching issues raised by counsel." [Doc. #14 at 4]. Defendant requests that the Court "deduct" plaintiff's counsel's time claimed in connection with

7

the EAJA petition. Id. Defendant specifically claims that plaintiff's counsel's time spent negotiating her EAJA fee is not compensable under the EAJA, and that this Court previously rejected plaintiff's counsel's claimed fees billed in connection with the redaction of legal bills "in the exercise of legal judgment." Id. Plaintiff has not filed a reply to these arguments.

In this District, judges have routinely allowed a plaintiff's attorney to bill up to two hours for preparing an EAJA petition. See, e.g., Texidor v. Colvin, No. 3:10CV701(CSH)(JGM), 2015 WL 164062, at *4 (D. Conn. Jan. 13, 2015)(awarding two hours for preparation of EAJA petition); Barrow v. Astrue, No. 3:11CV00828(VLB)(TPS), 2013 WL 2428992, at *4 (D. Conn. Jun. 4, 2013) (same); Hosking v. Astrue, No. 3:10CV64(MRK)(WIG), 2010 WL 4683917, at *2 (D. Conn. Oct. 1, 2010)(same); Gelinas v. Colvin, No. 3:13CV891(CSH)(JGM), 2014 WL 2567086, at *3 (D. Conn. June 6, 2014)(same). Although defendant requests that the Court deduct all time claimed that relates to the EAJA application, the Court finds that the time billed for the actual preparation of the fee application, 1.50 hours, is reasonable. The Court further declines to award plaintiff's counsel the 1.90 hours claimed in connection with the negotiation of the EAJA application. Here, defense counsel

contends that the parties were in the midst of negotiating an EAJA fee, and that plaintiff's application for EAJA fees was unnecessary. The Court notes that according to counsel's time records, plaintiff did not contact defense counsel to resume negotiations after spending nearly an hour researching EAJA law. All of counsel's time entries for communications with defense counsel occurred on a single day. Counsel filed the motion for fees just four days after communicating with defense counsel, and well before the deadline for filing. These circumstances suggest that any such negotiations were indeed terminated in their early stages. Thus, the Court approves an award of 1.50 hours at the attorney rate of $196.10, for a total award of $294.15, for preparation of the EAJA petition, representing a reduction of 2.30 hours (including .40 hours at the law clerk rate, as explained below) from the total hours claimed.

The Court also credits the defendant's argument that no fees should be awarded for the .40 hours billed to "redact entries in the exercise of billing judgment[.]" This Court, in a previous case in which Attorney Zimberlin sought EAJA fees, declined to award fees for such a task. See Dupuy v. Colvin, No. 3:14CV01430(SALM), 2015 WL 5304181, at *2 (D. Conn. Sept. 9, 2015) ("Finally, counsel claims 1.0 hours for the task of 'redact[ing] time sheet entries in exercise of billing

9

judgment.' ... To claim reimbursement for the time spent reducing a bill is ironic, at best, and the Court will not award any fees for this task.").

## CONCLUSION

For the reasons set forth herein, plaintiff's Application for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act [**Doc. #13**] is GRANTED, in part. The Court awards 8.70 hours of attorney time at an hourly rate of $196.10 for a total amount of $1,706.07. In addition, the Court collectively awards 25.30 hours of law clerk and paralegal time at an hourly rate of $115.00 for a total amount of $2,909.50. Costs are awarded in the amount of $425.08. Accordingly the **total award of costs and fees is $5,040.65.**

SO ORDERED at New Haven, Connecticut this 28th day of December, 2015.

                                          /s/
                               Hon. Sarah A. L. Merriam
                               United States Magistrate Judge